430

## CIRCUIT COURT OF AMHERST COUNTY

April A. Keesee

v.

Howard Alexander Donigan

Case No. CL 4915

BY JUDGE J. MICHAEL GAMBLE

August 18, 1998

I am writing this letter to rule on the admissibility of the testimony of Dennis L. Cruise and Stephen L. Chewning. In this regard, I will not allow either Mr. Cruise or Mr. Chewning to testify about the visibility perception, reaction, and stopping tests that they performed at the scene of the accident in this case.

The testimony of Mr. Cruise and Mr. Chewning has been developed in depositions taken on July 27, 1998, both of which have been filed in the court file. Even with the amendment to § 8.01-401.3(B) of the Code of Virginia, the testimony of Cruise and Chewning does not meet the basic requirements that have been established by the Supreme Court of Virginia in *Tittsworth v. Robinson*, 252 Va. 151, 154, 475 S.E.2d 261 (1996), and *Tarmac Mid-Atlantic, Inc. v. Smiley Block Co.*, 250 Va. 161, 166, 458 S.E.2d 462 (1995). In essence, both *Tittsworth* and *Tarmac* require that the expert testimony be based upon conditions at the time of the tests that are substantially similar to the conditions at the time of the accident. Additionally, the experts must consider all variables that bear upon the inferences from the facts.

In the instant case, neither Cruise nor Chewning have duplicated the conditions at the time of the accident. The same vehicle was not used for the tests. Substantial questions exist whether or not the limb was placed in the correct spot and whether the limb was the same size as the limb on the road at the time the accident occurred. Also, it has not been established that the

brakes, tires, and lights on the vehicles used by each of these persons is substantially similar to the conditions on the date of the accident. Likewise, the weather conditions and lighting have not been established to be the same.

Thus, the Court will not permit either Cruise or Chewning to testify about their tests.

They may, of course, testify about matters within their expertise which may help the jury such as the distance traveled by vehicles at various speeds, the distance which lights at high beam and low beam project from vehicles, and possibly about the delays caused by reaction time and perception time.

September 8, 1998

I have received the motion to set aside the verdict and for a new trial that has been filed by Mr. Hawkins. Upon review of this motion, it is overruled.

Plaintiff complains the Court should not have allowed the testimony of Stephen Chewning, a motor vehicle accident reconstruction expert, on perception times and reaction times. In this regard, § 8.01-401.3(A) of the Code of Virginia allows technical or specialized knowledge which will assist the trier of fact to understand the evidence or to determine a fact in issue. In the instant case, the time it would take the defendant, Howard Alexander Donigan, to perceive and react to the tree limb which had fallen in the road is a crucial fact. Mr. Chewning, the accident reconstruction expert, had specialized knowledge of studies that had been performed on perception and reaction times. This is information that would obviously assist the trier of fact.

The trier of fact had no expertise to determine perception and reaction time. Perception and reaction time are certainly not within the knowledge of the average layperson. Accordingly, this is the type of information anticipated by § 8.01-401.3(A) of the Code of Virginia.

These matters were extensively argued during the trial of this case. The motion to set aside the verdict and for a new trial merely restates these arguments. Accordingly, I do not see any need for any further hearing in this matter.